## EDWARD G. WALLER *vs.* GILBERT WALLER.

#### ON APPEAL.

AN INTENTION OF G. W. to give his brother, E. G. W., an interest in his business, does not make him a partner. The fact that E. G. W. held G. W.'s power of attorney and signed his brother's name as his "attorney in fact" considered as evidence to show no partnership.

The use of the words "us" and "we" by G. W., in his business correspondence with E. G. W., is not sufficient proof of partnership between them.

Opinion of the Chancellor appealed from.

This is a bill of equity alleging that in the month of Jan-

uary, 1869, the plaintiff formed a partnership with Gilbert Waller, respondent, for the purpose of butchering and selling beef and mutton under the style of "Gilbert Waller," and which has continued to the present time. The bill also alleges that plaintiff devoted his whole time faithfully and industriously to the business, with the exception of two stated periods, when absent; that he has drawn from the business only the bare living expenses of himself and family, and the sum of about $3,500 for the purchase of land and the erection of a homestead; whereas the respondent has drawn large sums of money far beyond his share of the profits of the business; that in May, 1882, respondent excluded plaintiff from any share or participation in the management of the business and refused to settle with him. The bill prays for an injunction restraining the respondent from disposing of the partnership property; that the partnership be dissolved and a receiver be appointed, etc.

The answer denies that the alleged partnership ever existed and avers that since January, 1869, to May, 1882, the plaintiff was employed by respondent as clerk and book-keeper, and that he has been paid all sums of money earned by him in this capacity, and that the plaintiff has a complete remedy at law to recover moneys he may claim to be due.

I find that the parties are brothers, the respondent being the elder. The plaintiff has acted under a power of attorney during the absence of respondent and has been accustomed to sign as "attorney in fact" when drawing the funds of the business.

The plaintiff has been allowed to withdraw whatever sums he thought necessary for his private use, and done a large part of the business, having its entire management during respondent's absence of about three years in California.

It is evident from the testimony that the respondent intended to give his brother a share in or the whole of the business eventually, and that he allowed him to draw whatever he

wished to for his support, unchecked, as a kind and indulgent brother, until his habits compelled him, for his own protection, to take the step of severing their business relations. There is no positive proof of a co-partnership. Gilbert Waller never held his brother out to the world as his partner, and there is nothing in the way the business was managed to suggest a partnership. The use of the pronouns "us" and "we" by Gilbert in his correspondence with his brother, and his speaking of the business as "ours," to my mind only indicates a familiar and complimentary habit of speaking, which is not sufficient proof of a partnership. In fact, the rather authoritative and minute instructions sent by him in reference to the disposition of certain leaseholds and other property, especially in the letter of April 9, 1880, are inconsistent to my mind, with the latitude which one partner has a right to exercise over partneship property.

There are certain declarations sworn to by respondent and wife as having been made by plaintiff that he was not a partner of his brother Gilbert Waller. These are not remembered by plaintiff or his wife, although present when the alleged conversation took place.

There is testimony which is not disputed, of the plaintiff putting into the respondent's hands a sum of money, some $350, and which he has not accounted for, but there is no proof that this was put into the business as capital, with the understanding that it was the plaintiff's contribution towards the co-partnership. The statement is made that Gilbert Waller said that when the business increased to the slaughtering of two bullocks a day it would give one hide to the plaintiff and one hide to himself. I think this is explained on the idea that Gilbert then intended to give his brother an equal share in the business but which he never carried out.

Upon a careful review of all the testimony I have arrived at the conclusion that no partnership is proven and therefore dismiss the bill.

S. B. Dole for plaintiff.

E. Preston for respondent.

Honolulu, August 15, 1882.

E. Furstenau *v.* H. Hackfeld *et al.*

BY THE FULL COURT.

After thoroughly examining the evidence taken before the Chancellor in the above case and listening to the argument of counsel we think his decision should be affirmed for the reasons stated in his opinion.

S. B. Dole for plaintiff.

E. Preston for respondent.

Honolulu, November 27, 1882.